UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BLESS BUTLER,

                Plaintiff,

                VERIFIED COMPLAINT

     -against-

CITY OF NEW YORK and NEW YORK CITY POLICE
DETECTIVE MATTHEW REGINA,

                Defendants.
----------------------------------------X

    Plaintiff, **BLESS BUTLER**, by his attorney, JOHN C. FELTON, complaining of the Defendants, respectfully shows and alleges as follows:

    **FIRST:** This action is brought pursuant to 42 U.S.C. § 1983 and § 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1334. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

    **SECOND:** That at all times mentioned herein, the Plaintiff, **BLESS BUTLER**, was and still is a resident of the County of Richmond, City and State of New York.

    **THIRD:** That at all times hereinafter mentioned, the Defendant, **CITY OF NEW YORK**, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

    **FOURTH:** That at all times hereinafter mentioned, the Defendant, **CITY OF NEW YORK**, was and still is a municipal

corporation doing business in the State of New York.

**FIFTH:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, **NEW YORK CITY POLICE DETECTIVE MATTHEW REGINA, Shield #2389 of the Staten Island Narcotics Bureau** (hereafter described as **DETECTIVE MATTHEW REGINA,** was and still is a New York City police officer employed by the Defendant, **CITY OF NEW YORK.**

**SIXTH:** That upon information and belief and at all times hereinafter mentioned, the individual Defendant was acting within the course of her employment and/or official policy, practice, custom or usage of the Defendant, **CITY OF NEW YORK**, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

**SEVENTH:** That the Plaintiff sues the Individual Defendant in his individual and official capacities.

**EIGHTH:** That Notice of Intention to Sue, as required by Section § 50(e) of the General Municipal Law of the State of New York, was served by the Plaintiff upon the Defendant, **CITY OF NEW YORK**, on or about **December 19, 2008;** that at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the **CITY OF NEW YORK** for adjustment and that it has neglected and/or refused to make adjustment or payment

2

thereof; and that this action is commenced within one hundred and ninety (90) days after the cause of action accrued.

**NINTH:** That 42 U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United states or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**TENTH:** That on or about **October 25, 2008, the Plaintiff had gone to see his foster mother, Janet Joyner, who resides at 185 Parkhill Avenue, Staten Island, New York 10304**, located in the County of Richmond, City and State of New York. **While the plaintiff was waiting for his foster mother's son in the lobby of the apartment building at 185 Parkhill Avenue, police officers arrested the plaintiff and charged him with criminal trespass.**

**ELEVENTH:** That on or about **October 25, 2008,** while the Plaintiff was lawfully present at the aforesaid location, the individual Defendant, **DETECTIVE MATTHEW REGINA**, without consent, permission, authority nor probable cause, unlawfully, physically seized, searched, detained, imprisoned, handcuffed, frisked and

arrested the Plaintiff's body and person.

**TWELFTH:** That no illegal item(s) or contraband were found on the Plaintiff's body or person.

**THIRTEENTH:** That subsequently, all criminal charges against the Plaintiff were dismissed in Richmond Criminal Court.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**FOURTEENTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTEENTH"** of the complaint with the same force and effect as if fully set forth herein.

**FIFTEENTH:** That upon information and belief, the Defendant's illegal and unlawful search, arrest, detainment, and imprisonment of the Plaintiff's body/person, was illegal, unreasonable, reckless, without a warrant nor probable cause, and was a violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**SIXTEENTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

**SEVENTEENTH:** That the acts of the individual defendant as

described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

**EIGHTEENTH:** That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

**NINETEENTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTEENTH"** of the complaint with the same force and effect as if fully set forth herein.

**TWENTIETH:** That the individual Defendant, acting in his individual capacities and under color of law, having conspired with others, reached a mutual understanding and intentionally acted to undertake a course of conduct that violated Plaintiff's civil rights, in violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**TWENTY-FIRST:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

**TWENTY-SECOND:** That the acts of the Individual Defendant

as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendant in his individual capacities.

**TWENTY-THIRD:** That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-FOURTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTEENTH"** of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-FIFTH:** That the aforesaid actions of the individual Defendant constitute false arrest and/or imprisonment of the Plaintiff in violation of the Constitution and laws of the City and State of New York.

**TWENTY-SIXTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general, pecuniary and compensatory damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-SEVENTH:** That the aforesaid actions of the individual Defendant constitute intentional infliction of emotional distress on the Plaintiff under the laws of the City, State of New

York.

**TWENTY-EIGHTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages and severe emotional distress.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-NINTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTEENTH"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTIETH:** That the individual Defendant was negligent, careless, reckless, and/or grossly negligent in the performance of his or her police duties in, searching, arresting, and imprisoning the Plaintiff.

**THIRTY-FIRST:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

**THIRTY-SECOND:** That the Defendant is liable to the Plaintiff under the laws of the City and State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

**THIRTY-THIRD:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTEENTH"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-FOURTH:** That as the employer of the individual Defendant at the times of his or her negligent conduct as set forth herein, the Defendant, **CITY OF NEW YORK**, is liable to the Plaintiff under the laws of the State of New York.

**THIRTY-FIFTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE CITY OF NEW YORK

**THIRTY-SIXTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs **"FIRST"** through **"THIRTEENTH"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-SEVENTH:** That the Defendant, **CITY OF NEW YORK**, was negligent in the hiring, supervision, training, and instruction of the individual Defendant.

**THIRTY-EIGHTH:** That as a direct and proximate result of the deliberate indifference, carelessness, and or recklessness of the Defendant, **CITY OF NEW YORK**, toward the proper training and

8

supervision of its police officers/employees, the Plaintiff has been deprived of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, Sections § 1983 and § 1988 of Title 42 of the United States Code, and under the laws of the City, and State of New York.

**THIRTY-NINTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

**FORTIETH:** A jury trial of all issues is demanded.

**WHEREFORE,** Plaintiff requests judgment against Defendants, **DETECTIVE MATTHEW REGINA,** and Defendant, **CITY OF NEW YORK,** as follows:

1. As against the individual Defendant, General and Compensatory damages in the sum of **ONE MILLION DOLLARS ($1,000,000.00)** on the First, Second, Third, Fourth, Fifth, and Sixth causes of action,

2. As against the individual Defendant, punitive damages in the sum of **ONE MILLION DOLLARS ($1,000,000.00)** on the First and Second causes of action, and

3. As against Defendant, **CITY OF NEW YORK,** General and Compensatory damages in the sum of **ONE MILLION DOLLARS ($1,000,000.00)** on the First and Second causes of action asserted against it, and

4. Reasonable attorney's fees, pursuant to 42 U.S.C.A §

1988,

    5.    the costs of this action,

    6.    and such other and further relief as may be just and proper.

Dated:    June 8, 2009
               Staten Island, NY

DUANE C. FELTON
*Attorney for Plaintiff*
805 Castleton Avenue
Staten Island, NY 10310

10